**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **AZEAL G. WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.  06-0108 (JR)** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant District of Columbia ("District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P., Rules 4 and 12(b)(6) hereby moves this Honorable Court to dismiss the plaintiff's Amended Complaint.[1]  The Court should grant the District's Motion, because:

1. Plaintiff's non-federal claims are barred, because the plaintiff failed to comply with the mandatory notice requirements of D.C. Code, Section 12-309 (Count III); and

2. Plaintiff's claims should be dismissed because she has failed to effectuate proper service under Fed. R. Civ. P. 4 or SCR—Civil 4 (Counts I, II, and III).

A Memorandum of Points and Authorities in support of this Motion, along with two proposed Orders, are attached hereto.  Because this is a dispositive motion, the District is not required to seek the plaintiff's consent pursuant to LCvR 7 (m).

Respectfully Submitted,

LINDA SINGER

---

[1] Defendant District of Columbia does not concede personal jurisdiction by filing this motion.  Moreover, Defendant submits that without proper service of process, there is no personal jurisdiction over it in this case.

Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation, Section II

____/s/Toni Michelle Jackson____
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
E-Mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2007, I electronically filed the foregoing **DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, and simultaneously mailed a copy, first-class, postage prepaid to:

Azeal G. Wilson
6405 Mellow Wine Way
Columbia, MD 21044

/s/ Toni Michelle Jackson_____
ASSISTANT ATTORNEY GENERAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AZEAL G. WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No.  06-0108 (JR)** |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING**
**DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant District of Columbia ("District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P., Rules 4 and 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's Amended Complaint.  The Court should grant the District's motion because plaintiff's non-federal claims are barred, because the plaintiff failed to comply with the mandatory notice requirements of D.C. Code, Section 12-309 (Count III); and the plaintiff has failed to effectuate proper service under Fed. R. Civ. P., Rule 4 and SCR—Civil 4 (Counts I, II, and III).

## I. BACKGROUND

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on January 27, 2000.  *See* Wilson Charge of Discrimination, attached hereto as Exh. A.   In that Charge, p laintiff alleged that she submitted a letter from her physician on August 24, 1999, which indicated that plaintiff suffered from "long standing disabilities and requested that such disabilities be accommodated by transferring [plaintiff] to  a different office or school" because her current office did not have air conditioning and allegedly had moldy carpet.  *Id.*  On February 9, 2000, plaintiff amended her charge to

3

include another charge of disability discrimination, because the handicapped parking spaces were blocked by dumpsters. *Id.*

Plaintiff's charge was investigated by the EEOC until November 23, 2004, when the EEOC informed plaintiff that it was "forwarding the case to the U.S. Department of Justice ("DOJ") for possible litigation." *See* Exh. B. On October 21, 2005, DOJ sent plaintiff a Right to Sue Letter, informing her that she had ninety (90) days from the date of the letter to file a lawsuit in federal court. See Exh. C.

On January 20, 2006, plaintiff filed an Amended Complaint against the District of Columbia Public Schools ("DCPS"), alleging violations of the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and D.C. Human Rights Act ("DCHRA"). *See* Complaint, *et. seq.* Specifically, plaintiff alleges that DCPS failed to provide "reasonable accommodations." *Id.* at p. 2.

On February 17, 2006, the DCPS moved to dismiss the Complaint as it is a *non sui juris* entity. The Court granted DCPS's Motion on March 14, 2006, and stayed dismissal until April 14, 2006, to permit plaintiff to "file and *serve* an amended complaint naming the District of Columbia as a defendant."

On October 27, 2006, the Court issued an Order stating that the plaintiff had filed an amended complaint against the District and that the District had not responded. The Court also directed the clerk to set a scheduling conference for November 9, 2006.

On November 3, 2006, the District filed a Motion to Dismiss the plaintiff's Amended Complaint for failure to timely serve the District pursuant to Fed. R. Civ. P. 4(m). On November 6, 2006, the Court cancelled the Initial Scheduling Conference set for November 9, 2006, and gave plaintiff an additional thirty days to serve the District.

4

On December 6, 2006, plaintiff filed an Affidavit of Service for the District of Columbia, which states that a copy of the "summons and complaint" was sent via certified mail to the Mayor Anthony Williams at 1350 Pennsylvania Avenue, NW. *See* Affidavit of Service, attached hereto as Exh. D. The attached return receipt indicates that Alonzo Pearson signed the receipt on December 1, 2006. *Id.* at p. 2. Upon information and belief, as of the date of the filing of this Motion, no further Certificates or Affidavits of Service have been filed.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

No interpretation of the plaintiff's Amended Complaint can lead to a claim on which relief can be granted, the District is entitled to dismissal of the plaintiff's Amended Complaint in its entirety.

### III. ARGUMENT

A.  PLAINTIFF'S NON-FEDERAL CLAIMS ARE BARRED, BECAUSE THE PLAINTIFF FAILED TO COMPLY WITH THE MANDATORY NOTICE REQUIREMENTS OF D.C. CODE, SECTION 12-309 (COUNT III).

The District is entitled to either a dismissal of plaintiff Wilson's' state law claims under the DCHRA—Count III, because plaintiff has failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.

Section 12-309 states in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, <u>within six months</u> after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

D.C. Code § 12-309 (2001) (emphasis added).

It is well-settled that compliance with the notice requirement of Section 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995).  "The rationale underlying the Section 309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978).

To protect this purpose, courts have construed strictly the plain language of Section 12-309. *See, e.g., District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). Courts interpreting the statute have held that the District must <u>receive</u> notice within six months of the events that allegedly have caused a claimant's injury. *DeKine v. District of Columbia*, 422 A.2d 981, 984 (1980). Notice received even one day past due is considered untimely and completely bars recovery against the District. *Id.* at 986; *see also Williams v. District of Columbia*, 676 F. Supp. 329, 333 (D.D.C. 1987) (relying on *DeKine*, 422 A.2d 985, and explaining that the date of receipt is crucial in determining compliance with Section 12-309).

At least two Superior Court Judges, interpreting D.C. law, have held that Section 12-309 does in fact apply to claims brought under the DCHRA. *See McFarlane v. New Leaders For New Sch.*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia*, No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (attached hereto as Exhibits E and F, respectively).

Because this Court is exercising supplemental jurisdiction over plaintiff's claims under the DCHRA, the Court is bound by the D.C. Court of Appeal's interpretation of District law in determining whether the notice requirement of D.C. Code § 12-309 is applicable to claims brought pursuant to the DCHRA. *See Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 704 (D. Pa. 2006) (noting that state law applies to claims considered pursuant to supplemental jurisdiction).

While the D.C. Court of Appeals has not ruled on this specific question, it is logical to conclude from the court's analysis of D.C. Code § 12-309, and its applicability to other

similar provisions, that the notice requirement of Section 12-309 applies to claims brought under the DCHRA.

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of Section 12-309.  Section 12-309 requires timely notice to the District before a claimant can file suit for "unliquidated *damages* to person or property." D.C. CODE § 12-309 (2001) (emphasis added).  The DCHRA provides in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for *damages* and such other remedies as may be appropriate . . . ."  D.C. CODE § 2-1403.16 (2001) (emphasis added).  A person aggrieved by unlawful discrimination suffers damages to her person caused by another person.  Such damages are analogous to damages from intentional torts, such as libel, where a claimant is harmed by the words of another.  The D.C. Court of Appeals has unequivocally held that claims of intentional torts brought against the District for monetary damages are subject to the notice requirement of Section 12-309.  *See, e.g.*, *Breen*, 400 A.2d at 1061.  Based on the same logic, Section 12-309 must extend to claims under the DCHRA.

In this case, plaintiff has failed to satisfy the statutory requirements because she failed to notify the Mayor of her intent to file a claim against the District within six months of the alleged incident.  In fact, plaintiff failed to allege that she complied with Section 12-309 in her Complaint. *See* Amended Complaint*, et. seq.*  Any notice plaintiff may have given to the DCPS is insufficient to satisfy the requirements of Section 12-309.  *See McRae*, 368 F. Supp. 2d at 95 ("Notice to officials subordinate to the Mayor is not sufficient."); *McFarlane*,

No. 04-CA-8506, at 14 (holding that giving notice to agency's general counsel was insufficient to meet the requirements of Section 12-309).

Because satisfaction of the notice requirement of Section 12-309 is a prerequisite to filing suit against the District, and because plaintiff cannot now cure this defect, the District is entitled to either a dismissal of plaintiff's state law claim under the DCHRA—Count III.

B. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO EFFECTUATE PROPER SERVICE UNDER FED. R. CIV. P. 4 OR SCR—CIVIL 4 (COUNTS I, II, AND III).

According to Federal Rule of Civil Procedure, Rule 4(j)(2), service on the District of Columbia is proper "by delivering a copy of the summons and the complaint to its Chief Executive Officer," or "by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." F.R.C.P. 4(j)(2). Plaintiff failed to comply with Federal Rule 4 when she did not serve the District of Columbia's Chief Executive Officer, i.e. the Mayor.

Pursuant to Rule 4(j)(2), if the plaintiff does not deliver a copy to the Mayor, she must effect service pursuant to the District's rules governing service of process. D.C. Superior Court Rule 4(j)(1) details the requirements for service on the District of Columbia, that Rule states:

> Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee).[2]

SCR—Civil 4(j)(1)

---

[2] Per an Executive Order dated May 26, 2004, the Office of the Corporation Counsel is now called the Office of the Attorney General.

The mandatory language of SCR—Civil 4(j) does not permit the court to exercise any discretion. The Superior Court Civil Procedure Rules are clear and unambiguous regarding who must be served in order to bring a cause of action against the District of Columbia. According to Rule 4(j), service on the Mayor is proper only if he is served personally, or service is made on an official designee of the Mayor. [3]

Rule 4(j) states that "[t]he Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court." SCR—Civil 4(j). The Rules, therefore, clearly state that the Mayor can be served only if service is effectuated on the Mayor himself, or those agents listed as official designees with the Clerk.

In *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the Court of Appeals dismissed the plaintiff's complaint for failure to effect proper service of process. In that case, "although the Complaint was mailed to the Office of the Mayor and the Office of the Corporation Counsel and signed for by employees in those respective offices, they were not, however, signed for and received by the specific employees designated to receive service of process." (*Id.* at 787.) The Court of Appeals upheld the trial court's dismissal of the Complaint. In so doing, it acknowledged the legitimate policy considerations behind the requirements of SCR-Civil 4(j)(1):

> As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4 (j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the Corporation **...** Counsel receive an

---

[3] The Mayor has designated Tabatha Braxton, Arlethia Thompson, and/or Kadesha Washington to accept service of process on his behalf. (July 20, 2006 Memorandum Regarding Designation of Staff to Handle/Accept Legal Correspondence, attached hereto as Exhibit G.)

enormous amount of mail. Super. Ct. Civ. R. 4 (j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination.

(*Id.* at 787.)  Accordingly, the court concluded that, since the Mayor and the Attorney General "specifically appointed someone to receive service of process pursuant to [SCR-Civil] 4(j)(1)... [t]hose designees are the only individuals upon whom process can be served." (*Id.* at 788.)

Service via certified mail is permissible under SCR—Civil 4(j), but it must comply with all other provisions of Rule 4.  Therefore, pursuant to SCR—Civil 4(l), it is the plaintiff's obligation to prove that the District was served in accordance with the provisions of Rule 4(j).  If service is attempted via registered or certified mail, which is permitted under SCR—Civil 4(c)(3), "the return shall be accompanied by the signed receipt attached to an affidavit."  SCR—Civil 4(l)(2).  According to the Rule, "if the return receipt does not purport to be signed by the party named in the summons," the affidavit also must include "specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." *Id.*  Simply put, if the Mayor does not personally sign the certified return receipt, it is the plaintiff's obligation to attest to facts showing that the mailing was received by the Mayor's official designees for service of process.

Here, plaintiff has failed to properly serve the Mayor's Office, because she failed to serve the proper designees.  Exhibit D, attached hereto, shows that Mr. Alonzo Pearson signed the return receipt on behalf of the Office of the Mayor.  As Mr. Pearson is not an authorized designee, service was not proper on the Office of the Mayor.  Accordingly, the

11

plaintiff's Amended Complaint must be dismissed pursuant to the mandatory language in

SCR-Civil 4(j).

WHEREFORE, Defendant District of Columbia respectfully requests that this Court

dismiss plaintiff's Amended Complaint.

Respectfully submitted,

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**AZEAL G. WILSON,**                )
                                                     )
                **Plaintiff,**        )
                                                     )               **Civil No.  06-0108 (JR)**
                **v.**                    )
                                                     )
**DISTRICT OF COLUMBIA,**      )
                                                     )
                **Defendant.**      )
_____ )

**ORDER GRANTING DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Upon consideration of the Defendant District of Columbia's Motion to Dismiss, Memorandum of Points and Authorities, any opposition thereto and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:  that the Motion is GRANTED; and it is

FURTHER ORDERED:  that the plaintiff's Amended Complaint against the Defendant District of Columbia is HEREBY DISMISSED.

_____
JUDGE JAMES ROBERTSON